IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Case No.: 1:21-cr-00210-CCB-6 |
| Vashawn Watkins | * | |
| | * | |

## MEMORANDUM AND ORDER

Defendant and his alleged co-conspirators are charged by indictment with various federal drug offenses relating to the large-scale distribution of heroin and fentanyl. (ECF No. 1.) Following his arrest and initial appearance, Defendant was detained by this Court following a detention hearing on June 28, 2021. (ECF No. 45.) In reaching that determination, the Court noted both the nature of the offenses, and the strength of the Government's proffer based on its undercover operation and its search warrants on both an alleged stash house and another residence where Defendant himself was arrested (which contained, inter alia, one kilogram of fentanyl and two firearms. *Id.* The Court was also concerned that Defendant was observed taking possession of a bag he then placed in a vehicle, containing both drugs and a firearm. *Id.* Defendant's identification was also recovered from that vehicle. Further, the Government summarized recorded jail calls wherein Defendant implicated himself in the operations of this drug enterprise. *Id.* Combined with the presumption of detention for drug offenses with potential sentences of greater than ten years, and the fact that Defendant was on supervision at the time of these activities, the Court ordered Defendant detained pursuant to the factors of Section 3142(g) of the Bail Reform Act.

Nonetheless, the Court noted at the hearing that Defendant's family members, but for their work obligations, might be an effective counterweight to the risks to the community that

Defendant's release might also pose, such that the Court might be convinced that conditional release on 24-hour detention was a potential option. *Id.* The Government did proffer at the time that these charges were initially state charges, that -the state court released Defendant on home monitoring prior to his federal re-arrest, and Defendant had not been compliant. *Id.* The Court indicated that it would hear additional argument on this issue should Defendant propose a release plan that would have him supervised during the workday. *Id.*

Based on this invitation, on June 29, 2021, Defendant filed a Motion for Release to Home Detention, proposing that Defendant's uncle, currently on disability and not otherwise employed, would be willing to supervise him when other family members were working. (ECF No. 44). The Government still opposes release and filed a formal Opposition. (ECF No. 48.) In addition to reiterating the strength of the Section 3142(g) factors favoring detention, the Government provided more detail about Defendant's previous course of home detention when granted by the state court and raised concerns about the proposed third-party custodian based on his criminal history. *Id.* at 9-10.

Specifically, the Government attached a report from the company contracting with the State to provide home monitoring. (ECF No. 48-1.) That report documents that Defendant returned to the alleged drug shop within three days of his release on home monitoring and had two other unexplained and prolonged absences during that week before his federal re-arrest. *Id.* The Government also presented the proposed third-party custodian's criminal history which was significant for a prior drug and a prior firearm conviction, albeit both were approximately twenty years ago.

Based on this information, the Court is not reasonably assured that it can adequately protect the community should Defendant be released, notwithstanding the fact that his family members (including the current proposed third-party custodian) might otherwise be acceptable as custodians. In reaching this conclusion, the Court is most concerned that Defendant was completely noncompliant the last time a judge took the chance that Defendant's activities could be effectively curtailed by home monitoring. Within the first week of such monitoring, Defendant was significantly noncompliant on no less than three occasions, including returning to the exact same location where the drugs and guns outlined above were recovered Presumably, these same family members were as sincerely committed to Defendant's success as they are now, yet Defendant was not dissuaded from almost immediately resuming his activities.

The touchstone for the Court as it contemplates its responsibilities to community safety in any release decision, is whether it can put sufficient resources around a defendant and his family members to allow the defendant to be successful on release, while still not unreasonably increasing the danger to that defendant's community. The available tools in that regard have limitations which can be exploited by individuals motivated to continue illegal activity on release. Unfortunately, Defendant's recent track record on home monitoring demonstrates that his motivations are still focused on that.

Accordingly, Defendant's Motion (ECF No. 44) is **DENIED**.

 7/13/2021
Date

J. Mark Coulson
United States Magistrate Judge



3