**ALAN R. L. BUSSARD**
ATTORNEY AT LAW
101 E. CHESAPEAKE AVENUE, STE 200
TOWSON, MARYLAND 21286
-----
410-821-1155
FAX: 410-307-1010
E-Mail: alan.bussard@bussardlaw.com

October 25, 2022

Hon. George L. Russell, III
United States District Court for the
  District of Maryland
101 W Lombard Street
Baltimore, Maryland 21201

    Re:    **United States v. Vashawn Watkins**
            **Criminal No: GLR-21-210**

Dear Judge Russell:

    In advance of sentencing set for November 14, 2022, in the above captioned matter, the defense submits this correspondence for the Court's consideration.

    On June 9, 2021, Vashawn Watkins was named along with five co-defendants in a two count Indictment, charging him with Count 1 – Conspiracy to District and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 and Count 2 – Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841.

    On June 29, 2022, Vashawn Watkins was named as the sole defendant in a two-count Superseding Information charging him with Count 1 – Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841 and Count 2 – Possession of a Firearm in a School Zone, in violation of 18 U.S.C. § 922(q)(2). Count 1 occurred on or about March 1, 2021 and Count 2 occurred on or about February 11, 2021 in the District of Maryland.

    On August 2, 2022, Mr. Watkins, after entering into a written plea agreement with the Government, appeared before the Court and entered guilty plea to both counts of the Superseding Information. The plea was pursuant to Fed. R.Crim.P. (c)(1)(C).

    In pertinent part, the plea agreement between the parties calls for an agreed upon sentence of between 8 to 10 years (96 and 120 months). (See paragraph 10 of the plea agreement) The defense will be requesting credit for time served in State custody on related charges from March 2, 2021, the date of his arrest. (PSR at ¶ 45) In addition, a request for credit spent in federal custody from the date of Mr. Watkins' Initial Appearance, June 25, 2021 to present.

    At the time of sentencing, the defense will be requesting that the Court impose a sentence 96 months.

Hon. George L. Russell, III
United States v. Vashawn Watkins
October 25, 2022
page two

The agreed upon sentence is based on a combination of factors including the factors enumerated in 18 U.S.C. §3553(a). Among those factors for the Court's consideration, as outlined herein below, is Mr. Watkins' prompt acceptance of responsibility, his criminal history (Category III), his offense conduct, his mental health and educational deficiencies, and his post-arrest adjustment at Chesapeake Detention Facility.

Also of significance is that since Mr. Watkins was detained in 2021, the United States has experienced an unprecedented pandemic due to COVID-19.

Other factors include, but are not limited to, the need for deterrence, both specific and general, the requirement to protect the public from further crimes of the defendant, as well as providing the opportunity for needed educational and vocational training.

The requested sentence meets each of the criteria set forth enumerated in 18 U.S.C. §3553(a) and will be one that would not be greater than necessary to fulfill all of the Court's obligations.

**Nature of the Offense**:

The defense agrees that the nature of the offense and the individual acts alleged to have been committed by the members of the conspiracy are serious. As part of his plea agreement, Mr. Watkins agrees that between October, 2020 and March 1, 2021, he and his co-conspirators participated in a conspiracy to possess and distribute controlled substances. A review of the offense conduct included in the plea agreement and PSR (Presentence Report (PSR at ¶¶ 6-10), as well as the discovery provided in this case, reveals that Mr. Watkins was literally the man left holding the bag. Moments before his arrest, law enforcement observed one of the leaders of the charged conspiracy arrive at Stricker Street, stop and hand a bag containing controlled substance to Mr. Watkins, who then entered a vacant house, followed immediately by law enforcement who were executing a court-authorized search warrant for the premises.

**Defendant's Personal Characteristics and Family Background:**

Mr. Watkins' personal and family background contains familiar elements of lack of parental/family involvement, financial instability and drug addiction. (PSR at ¶¶ 48-56). Both Mr. Watkins and his mother verified the difficult home environment. To her credit, Ms. Watkins has overcome her addictions problems and has become a positive influence to others through her work as an addictions counsel. Mr. Watkins has not been as fortunate.

As further reported, Mr. Watkins resorted to life on the street with potentially harmful consequences. He was the victim of a shooting on October 22, 2020, having been shot 6 times.

Hon. George L. Russell, III
United States v. Vashawn Watkins
October 25, 2022
page three

He spent 7 days in shock trauma. Undersigned counsel has observed that Mr. Watkins currently experiences the residual effects of the guns shots, the most noticeable being weakness in his right hand.  (See generally PSR at ¶¶ 58-59)

      Mr. Watkins, in discussing the reasons for leaving school in 2016, candidly reports that he had difficulty continuing his education after the murder of his half-brother. Interestingly, Mr. Watkins has taken on the name of his deceased half-brother, Rico, as his street name. Mr. Watkins also reports that he was diagnosed with attention deficit hyperactivity disorder (ADHD), Oppositional Defiance Disorder (ODD), and Obsessive-Compulsive Disorder (OCD) while in school. Again, based solely on counsel's observations and discussions with Mr. Watkins, it is believed that he could benefit from mental health counseling and therapy while in the Bureau of Prisons.

      As reported by his mother, Mr. Watkins has been offered mental health counseling in the past, but failed to continue because of the lure of the streets. With reference to his substance abuse issues, Mr. Watkins was self-medicating with a variety of prescription medications after sustaining gun shots. (PSR at ¶¶ 64-68). He has expressed an interest in receiving counseling while in the Bureau of Prisons.

**COVID-19 Impact on Mr. Watkins**

      Another factor warranting the Court's consideration in accepting this Rule 11 C-plea is the ongoing COVID-19 pandemic and the effect of prolonged incarceration on Mr. Watkins. This Court does not have to be reminded of the harsh and challenging conditions at Chesapeake Detention Facility.

      Even though some improvements have been initiated at CDF, it is believed there are still periodic, modified lockdown status. During the pandemic, much programming has been modified or halted altogether and family visits have been severely curtailed. Personal visits seem to be limited to Skype virtual calls. To his credit, Mr. Watkins has tried to remain positive and active. He volunteered for sanitation duty on the units which is a way for him to avoid the boredom and agitation that develops during long-term confinement. Hopefully, he will continue with this positive trend while in the Bureau of Prisons

**Other Sentences Imposed in the Case**

| | |
|---|---|
| Romesh Vance | Awaiting sentencing - March 3, 2023 |
| Dennis Drake | Awaiting Trial - March 13, 2023 |
| Jeffrey Aiken | Awaiting sentencing |
| John Cooley | 60 Months |
| Donronald Dorsey | 72 months |

Hon. George L. Russell, III
United States v. Vashawn Watkins
October 25, 2022
page four

Based on a review of the plea agreements and subsequent sentences imposed, a sentence at the low end of the range is the appropriate range for Mr. Watkins.

**Recommendations**

At the time of sentencing, the defense will request that the Court impose a sentence which includes a term of imprisonment of 96 months. A request is made for credit for time served in State custody on related charges from March 2, 2021, the date of his arrest through June 24, 2021. (PSR at ¶ 45) In addition, a request for credit spent in federal custody from the date of Mr. Watkins' Initial Appearance, June 25, 2021, to present. A recommended Bureau of Prisons designation to a location as close to Maryland as possible is also requested with FCI Schuylkill being his preference. Such designation should also be one which can provide Mr. Watkins with much needed substance abuse treatment through RDAP, if he qualifies, as well as educational and vocational training. A specific recommendation for mental health counsel/therapy is also being made on behalf of Mr. Watkins.

The defense asserts that a sentence of 96 months is appropriate and meets all of the requirements enumerated in 18 U.S.C. §3553(a).Mr. Watkins readily admits the seriousness of the offense. By imposing a substantial sentence of 96 months, the Court will meet its responsibility to impose a sentence which reflects the seriousness of the offense, while providing a just punishment, a deterrence for others, and a protection of the public from other crimes. All of these mandates can still be accomplished by imposing a sentence which falls squarely within the"C" plea range. Finally, a review of other sentences imposed by the Court in this case reveals that a sentence of 96 months will avoid unwarranted sentencing disparity among defendants with similar records and who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6). In fact, such sentence would be the longest imposed by the Court, to date.

Should the Court have any questions please do not hesitate to contact my office. Thank you for your continued cooperation and attention to this matter.

                                                Very truly yours,

                                                /s/

                                              Alan R. L. Bussard

ARLB:tkb
cc:     Jason Medinger, Esquire via CMECF