

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Jason D. Medinger*     *Suite 400*     DIRECT: 410-209-4974
*Assistant United States Attorney*     *36 S. Charles Street*     MAIN: 410-209-4800
*Jason.Medinger@usdoj.gov*     *Baltimore, MD 21201-3119*     FAX: 410-962-3124

November 9, 2022

The Honorable George L. Russell
United States District Court Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

       Re:    *United States v. Vashawn Watkins*
             Criminal No. GLR-21-210

Dear Judge Russell:

     The government submits this sentencing memorandum in advance of the sentencing that will take place in this matter on November 14, 2022, at 11:00 a.m. As demonstrated below, and pursuant to the parties' plea agreement, the government submits that an aggregate sentence of **10 years (120 months)** is sufficient but not greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

### I.    The Facts: The Defendant Engaged In A Large-Scale Drug Trafficking Organization And Was Twice Found In Possession Of Firearms

     As detailed more fully in the plea agreement, ECF 166, Attachment A, Vashawn Watkins was a key part of a large-scale drug trafficking organization ("DTO") that operated in Pikesville and in West Baltimore in the Sandtown-Winchester neighborhood. The DTO used a stash house located at 19 Clovelly Street, Pikesville, Maryland. Several times a day, members of the DTO would process fentanyl-laced pills at the stash house and then drive the pills down to 1500 N. Stricker Street, Baltimore, Maryland where lower-level operatives would sell the pills. On March 1, 2021, a search warrant was executed at the stash house and law enforcement recovered 6.8 kilograms of fentanyl. Below is a photo of the stash house when it was searched with the drug products and gelcaps displayed on the processing table.



      Mr. Watkins was integral to all facets of this DTO.  He was observed directing traffic and customers at the street-level along Stricker Street.  He was also observed going to and from the Pikesville stash house.  And on March 1, 2021, when the DTO was taken down, law enforcement observed the leader of the organization, Romesh Vance, drive from the Pikesville stash house down to Stricker Street and hand off to Watkins a black bag containing fentanyl-laced pills (net weight of one kilogram).  Law enforcement executed a search warrant immediately thereafter and found Watkins inside the Stricker Street location with the kilogram of drugs.  Copied below are photos of Watkins interacting with undercover police officers who made controlled buys of narcotics from the DTO near Stricker Street during this investigation.




Additionally, on two occasions during this investigation, Watkins was found with firearms. On February 11, 2021, law enforcement officers observed Watkins overseeing operations at the Stricker Street drug shop. Law enforcement observed Watkins place a firearm inside a 2005 Honda Accord bearing New Jersey Temporary registration 573382L that was parked in the 1500 block of North Stricker Street, Baltimore, Maryland. Law enforcement obtained a search warrant for the vehicle, lawfully searched it, and discovered inside one stainless steel Taurus PT945. 45 bearing serial number NVI75441, along with Watkins' Maryland State-issued identification card. A photo of the recovered gun is shown below. Also, the Defendant possessed this firearm within a block of the Sandtown-Winchester Achievement Academy, a public elementary school.



Additionally, on March 1, 2021, when law enforcement executed the search warrant at 1515 Stricker Street, they found inside the residence Watkins as well as two firearms, (a) one black Sccy Model 9mm handgun bearing serial number 303801; and (b) one white and silver Sccy Model CP2 9mm handgun bearing serial number 410442.

In sum, Watkins was an integral part of a DTO that was selling large amounts of a deadly drug, and Watkins had guns at the ready should they be needed.

## II. The Guidelines

The government agrees with the guidelines calculations set forth in the presentence report. ECF 180. Specifically, with regard to offense in Count One (drug distribution conspiracy), the base offense level is 30 because, under the parties' plea agreement, the offense involved more than 400 grams of fentanyl but less than 1.2 kilograms of fentanyl. USSG § 2D1.1(a)(5). Further, two levels are added because Watkins possessed a firearm in furtherance of this offense. USSG § 2D1.1(b)(1). The government concurs that three levels should be decreased for timely acceptance of responsibility under USSG § 3E1.1. This creates an offense level of 29. The government agrees that the guidelines for Count Two group, and that the final offense level should therefore be 29. Finally, because Watkins is in criminal history category III, his final guidelines range should be 108 months to 135 months. However, the government notes that the parties agreed to a c-plea

range of 96 to 120 months, and will therefore recommend a sentence no greater than 120 months at sentencing.[1]

### III. The 3553(a) Factors

The government submits that the 3553(a) factors merit a sentence of 120 months.

The nature and circumstances of the offense weigh in favor of a substantial sentence. This DTO was involved in selling a large quantity of a deadly drug. According to the data, fentanyl is by far and away the most lethal drug to Marylanders. Copied below is the data from the Maryland Department of Health report for 2020 on the causes of unintentional deaths by intoxication in Maryland. As can be seen, fentanyl leads the way. And this Defendant was trafficking in this deadly drug at the kilogram weight level. Mr. Watkins must be held responsible for this conduct.



Figure 5. Total Number of Drug- and Alcohol-Related Intoxication Deaths by Selected Substances[1], Maryland, 2011-2020.

|  | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|---|---|---|---|
| Heroin | 247 | 392 | 464 | 578 | 748 | 1212 | 1078 | 830 | 726 | 548 |
| Prescription opioids | 342 | 311 | 316 | 330 | 351 | 418 | 413 | 379 | 369 | 453 |
| Alcohol | 161 | 195 | 239 | 270 | 309 | 582 | 517 | 472 | 423 | 566 |
| Benzodiazepines | 68 | 73 | 69 | 103 | 91 | 126 | 146 | 127 | 107 | 114 |
| Cocaine | 148 | 153 | 154 | 198 | 221 | 464 | 691 | 891 | 869 | 921 |
| Fentanyl | 26 | 29 | 58 | 186 | 340 | 1119 | 1594 | 1888 | 1927 | 2342 |

[1]Since an intoxication death may involve more than one substance, counts of deaths related to specific substances do not sum to the total number of deaths.
[2]Includes deaths caused by benzodiazepines and related drugs with similar sedative effects.

15

---

[1] The government also notes that a mandatory minimum of five years applies to the sentence for Count One. Also, any sentence imposed as to Count Two must run consecutive to the sentence in Count One. *See* 18 U.S.C. § 924(a)(4).

But even more troubling is the fact that Watkins was in possession of firearms on two occasions in furtherance of this drug trafficking activity. And this all happened within a block or two from an elementary school. This kind of conduct cries out for an appropriate sentence.

Further, Mr. Watkins' prior criminal history militates in favor of a ten-year sentence. He already had one conviction for drug distribution for which he was sentenced to four years' imprisonment. PSR at Para. 35. While most of the sentence was suspended, the prospect of four years' incarceration did not deter Watkins. He continued on working for this DTO without missing a beat. A serious sentence is therefore required here to specifically deter Mr. Watkins.

Finally, the Court's sentence should avoid sentence disparities. Here, the leader of the group, Romesh Vance, has not been sentenced yet. However, he agreed to a c-plea range of 10 to 12.5 years. ECF 175. Vance should receive the highest sentence in this DTO. However, Watkins should receive a sentence only slightly lower than Vance. This is because Watkins was involved in the DTO at all levels, was found with a large amount of drugs, had guns on him on two occasions, and committed these crimes while on probation for previous offenses. By contrast, Watkins' co-conspirators who have already been sentenced do not have these same aggravating factors. *See* ECF 143 (Dorsey, sentenced to 72 months); ECF 126 (Cooley, sentenced to 60 months).

Based on the foregoing, the government submits that a sentence of 120 months is sufficient but not greater than necessary to comply with the purposes of the 18 U.S.C. § 3553(a) factors. The government submits that the Court should impose a sentence of nine years as to Count One and a consecutive sentence of one year as to Count Two.

    Very truly yours,

    Erek L. Barron
    United States Attorney

By: __/s/_____
    Jason D. Medinger
    Assistant United States Attorney